J. A02034/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellee | : |
| | : |
| | : |
| v. | : |
| | : |
| DREW RIZZO, | : |
| | : |
| Appellant | : |
| | : No. 60 EDA 2013 |

Appeal from the Judgment of Sentence July 24, 2012,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0001450-2012

BEFORE: FORD ELLIOTT, P.J.E., OTT, and STRASSBURGER*, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED SEPTEMBER 17, 2014**

Because I conclude that the trial court erred by admitting hearsay evidence with respect to how Szpanka found out about the error in the SOP (Issue IV), I respectfully dissent.[1]

> The term "hearsay" is defined as an out-of-court statement, which is offered in evidence to prove the truth of the matter asserted. Hearsay statements are generally inadmissible unless they fall under an enumerated exception. An out-of-court statement is not hearsay when it has a purpose other than to convince the fact finder of the truth of the statement.

---

[1] I agree with the Majority's conclusions with respect to Issue II.  Because I conclude, *infra*, that Appellant is entitled to a new trial, I would not address any of Appellant's weight of the evidence claims, as the relief I would grant is the same.

* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Busanet***, 54 A.3d 35, 68 (Pa. 2012) (internal citations

omitted).

The hearsay rule is grounded in the following principles.

The hearsay rule provides that evidence of a declarant's out-of-court statements is generally inadmissible because such evidence lacks guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence. Hearsay evidence is presumed to be unreliable because the original declarant is not before the trier of fact and, therefore, cannot be challenged as to the accuracy of the information conveyed. Exceptions to the hearsay rule are premised on circumstances surrounding the utterance which enhance the reliability of the contents of the utterance, … and render unnecessary the normal judicial assurances of cross-examination and oath[.]

***Commonwealth v. Chamberlain***, 731 A.2d 593, 595 (internal citations

omitted).

The standard operating procedure (SOP) for the Bucks County Crime

Laboratory provides the standards for testing blood alcohol content (BAC).

Specifically, the written manual provides that "the internal standard peak

area for all samples and controls must be within 25 percent of the average

internal standard peak area of the calibrators." N.T., 7/19/2012, at 75-76.

However, analyst Joanna Szpanka (Szpanka) testified that the SOP

contained an error, and that the laboratory actually used 50 percent for the

average internal standard peak area of the calibrators.

Instantly, in order for the trial court to believe Szpanka's testimony

that there was an error in the SOP, it had to accept that a mistake was

actually made. Szpanka testified that she did not make the mistake; rather,

she testified that Josh Folger made the mistake. N.T., 7/20/2012, at 13 ("Mr. Folger was using a prior method from another laboratory as a template for his SOP."). Thus, Appellant should have had the opportunity to cross-examine Mr. Folger with respect to his alleged mistake. Accordingly, I conclude that the trial court erred when it overruled Appellant's hearsay objection.

I also consider whether the admission of this evidence was harmless error. "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial." *Commonwealth v. Hairston*, 84 A.3d 657, 671-72 (Pa. 2014).

This Court has described the proper analysis as follows:

> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id* (quoting *Commonwealth v. Hawkins*, 701 A.2d 492, 507 (Pa. 1997)).

In this case, Szpanka testified that the standard internal recovery fell within the 50% standard, but not within the 25% standard. N.T., 7/20/2012, at 4. Thus, the testimony with respect to which percentage was proper - the one used by the laboratory in practice or the one stated in its

own SOP - was critical in this case. Moreover, the BAC goes directly to the heart of the DUI - high rate of alcohol charge, as the Commonwealth must prove that Appellant's BAC fell within .10 to .16. Thus, any error with respect to the laboratory's standards as to how to calculate BAC was not harmless. Accordingly, Appellant is entitled to a new trial on this charge.[2]

Because Appellant is entitled to a new trial on the DUI - high rate of alcohol conviction, I conclude that Appellant is also entitled to a new trial on the general impairment conviction because the improper BAC testimony could have contributed to the trial court's verdict on this charge as well.[3]

---

[2] "Where improperly admitted evidence has been considered by the [fact-finder], its subsequent deletion does not justify a finding of insufficient evidence and the remedy in such a case is the grant of a new trial." **Chamberlain**, 731 A.2d at 595. Thus, I would not address Appellant's sufficiency of the evidence argument (Issue I) on this issue.

[3] Because Appellant's convictions for careless driving, violating duties at a stop sign, and failing to use a turn signal are not affected by the hearsay testimony, Appellant is not entitled to a new trial on those charges.